CITY OF ·WINDER *et al.* ·*v.* WINDER NATIONAL BANK.

Where a case in this court was dismissed for want of prosecution, and where it is made to appear that the failure of counsel to file briefs and pay the costs was due to no fault on·his part, but to failure to receive the notice of the assignment of the case which the clerk mailed to him as a matter of grace, and in the absence of the promulgation by this court of rules governing this matter, as required by the constitutional amendment of 1916, this court in its discretion, during the term at which such case was dismissed, reinstates the same.

No. 5055.    FEBRUARY 19, 1926.

Motion to reinstate, after dismissal.

*J. D. Quillian,* for plaintiffs in error.  *J. C. Pratt,* contra.

HINES, J.   This case was put on the calendar of this court for a hearing at its sitting on the third Monday in October, 1925. This session of the court began on October 19, 1925. Notice of the hearing of this case was mailed by the clerk to the attorney of the plaintiff in error, at Winder, Georgia, which was the place of his residence. At that time the attorney for the plaintiff in error was absent from Winder, being in the State of Florida. By reason of his absence from Winder, he did not receive the notice of the assignment of this case for the hearing in this court. On October 12, 1925, J. C. Pratt, Esq., counsel for the defendant in error in this case, wrote to the Chief Justice of this court that counsel for the plaintiff in error had written to him asking that this case, with two others in which he appeared for the plaintiff in error, be checked or extended for a period of say thirty days, so that he might have time to prepare and file his briefs in each of these three cases. A copy of this letter was mailed to the clerk of this court, and to counsel for the plaintiff in error, at Lake Wales, Florida. On October 13, 1925, the clerk of this court wrote to counsel, acknowledging the receipt of the above letter from Mr. Pratt to the Chief Justice.

Appeal and Error 4 C. J. p. 611, n. 29.  ·

The clerk wrote that this court, on the day previous, had declined a similar request under similar circumstances to that contained in the letter of Mr. Pratt. This letter was mailed to counsel at Lake Wales, Florida. It was not received by counsel, because of his absence from that place. On October 15, 1925, the clerk of this court telegraphed counsel, requesting him to file skeleton briefs and pay the costs in these cases in this court, and suggesting that full briefs could be filed later. This telegram was not received by counsel, for the reason that he was absent from Lake Wales, in consequence of which the telegram was not delivered to him. From the letter of Mr. Pratt to the Chief Justice it would seem that counsel for the plaintiff in error in this case had notice of the assignment of this case for hearing for at least seven days before it was called for hearing in this court; but from the sworn application of counsel for its reinstatement he states that he had no notice that this case had been assigned for a hearing on the above date until after it had been dismissed by this court. In this application he states that he had been notified that another of his cases, in which Mr. Pratt was counsel for the defendant in error, had been assigned for hearing at the above sitting of this court, and that he had written to Mr. Pratt, requesting him to consent to a postponement of that case in order to give him time in which to file briefs therein. It was on receipt of that letter that Mr. Pratt wrote the letter to the Chief Justice in which he made the above statement. It may be well assumed, in view of the sworn allegation of counsel on this subject, that Mr. Pratt presumed that, as counsel had notice of the assignment of one of his cases for hearing on the above date, he must have had notice of the assignment of this case for hearing at the same time. We accept the sworn statement of counsel that he did not have notice of the assignment of this case for hearing at the time at which it was dismissed, until after the case had been dismissed.

In these circumstances, should the case be reinstated? Formerly, cases reaching this court twenty or more days prior to the opening of the term, were put on the calendar for a hearing. They were likewise calendared by circuits. This method of assigning cases was changed by the amendment to the constitution, ratified on November 7, 1916. By this amendment "All writs

of error in the Supreme Court or the Court of Appeals, when received by its clerk during a term of the court and before the docket of the term is by order of the court closed, shall be entered thereon; when received at any other time, shall be entered on the docket of the next term; and they shall stand for hearing at the term for which they are so entered, under such rules as the court may prescribe, until otherwise provided by law." Acts 1916, pp. 19, 20; Park's Code Supplement (1917), § 6506. This court has never formulated the rules contemplated by this amendment. At present no statute or rule provides for the giving of notice to counsel of the hearing of cases in this court. In *Sasser* v. *Pierce, 6 Ga. App.* 321 (64 S. E. 1100), that court held: "Where a case pending in this court is assigned to the calendar for argument, and counsel receive the notice provided by rule 20 and fail to prosecute, it will be dismissed, and will not be reinstated except for providential cause. However, the court may in its discretion reinstate, during the same term, a case which upon its call on the calendar has been dismissed for want of prosecution, if it appear that the failure to prosecute was due to no fault of counsel, but to the fact that the notice was not sent, or was lost in the mails." Inasmuch as the notice mailed by the clerk of the hearing of this case was not received by counsel, because of his absence from the place of his residence, and inasmuch as this court has not yet promulgated rules governing the docketing and giving notice of the hearing of cases pending therein, this court in its discretion will reinstate this case, it appearing that the failure to prosecute was due to no fault of counsel, but arose from a lack of notice of the assignment of this case for hearing in this court. It is          *So ordered.*